IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FRANK ROMANS | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 1:22-cv-01469 |
| | ) |
| ORANGE PELICAN, LLC, | ) |
| | ) |
| Defendant. | ) |

## MOTION FOR PRE-JUDGMENT ATTACHMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 64

NOW COMES the Plaintiff, Frank Romans ("Romans"), by and through his attorneys, Gozdecki, Del Giudice, Americus, Farkas & Brocato LLP, and for his Motion for Pre-Judgment Attachment Under Federal Rule of Civil Procedure 64 hereby states:

## INTRODUCTION

Orange Pelican, LLC ("Orange Pelican") refuses to pay what it owes Romans under two promissory notes totaling $3,500,000.00. Orange Pelican lacks a defense to Romans' breach-of-contract claims, however, and also is a resident of Wisconsin. Additionally, notwithstanding Orange Pelican's default under the notes, Orange Pelican has assets that can be used to pay its debts to Romans. Accordingly, under the Illinois Attachment Statute, 735 ILCS 5/4-101, *et seq*., and Federal Rule of Civil Procedure 64, Romans asks this Court to enter an Order attaching a lien in favor of Romans to Orange Pelican's assets.

## BACKGROUND FACTS

In April 2021, Romans loaned Orange Pelican $2,000,000.00. Romans and Orange Pelican signed a promissory note with a maturity date of April 8, 2022 (the "April Promissory Note"). (Exhibit A, Affidavit of Frank Romans ("Romans Aff.") ¶ 2 & Exhibit A-1 thereto.) The April

Promissory Note provides that interest accrues at 15% per annum, required Orange Pelican to make quarterly interest payments of $75,000 during the one (1) year term of the loan, and to repay the outstanding principal upon maturity, (*Id*. Romans Aff. at ¶ 2 & Exhibit A-1 thereto.)

In May 2021, Romans loaned Orange Pelican an additional $1,500,000.00, and Romans and Orange Pelican signed another promissory note for that amount with a maturity date of May 25, 2022 (the "May Promissory Note," and together with the April Promissory Note, the "Notes"). (*Id*., Romans Aff. at ¶ 3 & Exhibit A-2 thereto.) The May Promissory Note states that interest accrues at 20% per annum, required Orange Pelican to make quarterly interest payments of $75,000 during the one (1) year term of the loan, and to repay the outstanding principal upon maturity. (*Id*., Romans Aff. at ¶ 3 & Exhibit A-2 thereto)

Both Notes have matured, and despite written demand for payment in full, Orange Pelican has breached its obligations and failed to repay the loans in full. (*Id*., Romans Aff. ¶ 7 and Exhibit A-3 thereto). Accordingly, Orange Pelican has breached the Notes by failing to pay Romans the $3,500,000.00 that he is owed in principle under the Notes and accrued interest.

Orange Pelican, additionally, has possession of assets that can be used to satisfy all or part of its obligations to Romans. Specifically, Orange Pelican owns a bank account at CIBC Bank USA. (*Id*., Romans Aff. ¶ 11 & Exhibit A-6 thereto.) Orange Pelican also is the owner of stock in Z5 Inventory, Inc., a Texas corporation. (*Id*., Romans Aff. ¶ 12.)

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 64(a) provides, "[a]t the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment. But a

federal statute governs to the extent it applies." Remedies available under Rule 64(b) include attachment of a defendant's assets.

The Illinois attachment statute, 735 ILCS 5/4-101 *et seq.*, provides that a creditor with a claim exceeding $20.00 may attach property of the debtor where the creditor establishes (1) by a preponderance of the evidence that one or more of the varieties of "cause" listed in section 4-101 applies to the case at hand, and (2) a "probability" of success on the merits. *See* 735 ILCS 5/4-101; 735 ILCS 5/4-137; *U.S. Bank Nat. Ass'n v. Rose*, 2014 IL App (3d) 130356, ¶ 13. Under Wisconsin law, "damages for breach of contract require [plaintiff] to prove the contract, the breach and the amount of damages that resulted from the breach." *Admanco, Inc. v. 700 Stanton Drive, LLC*, 2010 WI 79, ¶ 56, 326 Wis. 2d 586, 786 N.W.2d 759.

To obtain an order of pre-judgment attachment, a plaintiff must comply with the statute's affidavit requirements, *see* 735 ILCS 5/4-104, 4-105, mandatory bonding, *see id.* §§ 5/4-107 to 4-109, and (after the order is entered) service requirements, *see id.* §§ 5/4-112 to 4-114, 5/4-127. *See In re Teknek, LLC*, 343 B.R. 850, 872 (Bankr. N.D. Ill. 2006).

## ANALYSIS

**A.  Orange Pelican is not a Resident of the State of Illinois.**

Here, the first cause for attachment provided in the statute applies: Orange Pelican "is not a resident of this State." 735 ILCS 5/4-101(1).  Orange Pelican has judicially admitted, in other matters before this Court, that its sole member is a citizen of the State of Wisconsin.  *See* Exhibit B, Notice of Removal, Dkt. No. 1, Case No. 22-cv-00647.  In that same action, and as further represented in the promissory notes giving rise to this action, the sole member of Orange Pelican is Arvind Ahuja.  *See* Exhibit C attached hereto, Notice of Affiliates, Dkt. No. 16, Case No. 22-cv-00647.

Arvind Ahuja is a medical doctor who resides in the State of Wisconsin. On March 5, 2019, Arvind Ahuja, M.D. executed a Stipulation in a disciplinary proceeding before the State of Wisconsin Medical Examining Board, wherein he identified his residence as 6321 Parkview Road, Greendale, WI 53129. *See* Exhibit A, Romans Aff. ¶ 9 at Exhibit A-4 thereto, available at https://online.drl.wi.gov/decisions/2019/ORDER0006106-00015343.pdf.

Arvind Ahuja remains the owner of that residence pursuant to the property records of Milwaukee County. *See Id.,* Romans Aff. ¶ 9 at Exhibit A-5 attached thereto, available at https://portal-milwaukee-co-wi.app.landnav.com/LandNavWebPortal/PropertySummaryReport.aspx. The Court may take judicial notice of such records establishing that Arvind Ahuja, the sole member of Orange Pelican, is a resident of the State of Wisconsin. *See* Fed. R. Evid. 201(b)(2) (permitting courts to take judicial notice of facts that "are not subject to reasonable dispute because [they] can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *Denius v. Dunlap*, 330 F.3d 919, 926 (7th Cir. 2003) (taking judicial notice of information on government web sites); *Incandela v. Great-W. Life & Annuity Ins. Co.*, No. 07–cv–7051, 2010 WL 438365, at *5 (N.D. Ill. Feb. 4, 2010) (taking judicial notice of county assessor's public records).

It cannot be disputed that Arvind Ahuja is (i) a resident of the State of Wisconsin, and (ii) the sole member of Orange Pelican. The preponderance of the evidence demonstrates Orange Pelican is not a resident of the State of Illinois, in satisfaction of 735 ILCS 5/4-101(1).

**B. Romans Has a Probability of Success on the Merits of His Claims for Breach of the Promissory Notes.**

Romans must, and can, demonstrate a probability of success on the merits of his claim for breach of contract to be entitled to attachment. *See U.S. Bank Nat. Ass'n v. Rose*, 2014 IL App (3d) 130356, ¶ 13.

To succeed on a breach-of-contract claim under Wisconsin law, Romans must first demonstrate the existence of a valid contract. Here, the Notes constitute valid contracts because there is a documented offer, acceptance, and consideration. *See Piaskoski & Assocs. v. Ricciardi*, 2004 WI App 152, ¶ 7, 275 Wis. 2d 650, 686 N.W.2d 675; Exhibit A, Romans Aff. at ¶¶ 2–3 & Exhibits A-1 & A-2 thereto. An offer and acceptance exist when there is mutual assent among the parties, and consideration exists if it is evident that the parties intend to be bound. *See Gustafson v. Physicians Ins. Co. of Wis., Inc.*, 223 Wis. 2d 164, 173, 558 N.W.2d 363 (Ct. App. 1998). The Notes here are signed and demonstrate that Romans offered to loan Orange Pelican a total of $3,500,000 in exchange for Orange Pelican repaying the Notes by the maturity date with interest. Orange Pelican and Romans both intended to be bound, as evidenced by their signatures on the Notes. Next, Orange Pelican unquestionably breached the Notes, as Orange Pelican has failed to repay the principal amount of $3,500,000 by the maturity dates in the Notes. (Exhibit A, Romans Aff. at ¶¶ 2–7 & Exhibits A-1 & A-2 thereto.) Additionally, Romans made demand under the Notes and has fulfilled all his obligations under the Notes. (Exhibit A, Romans Aff. at ¶ 7, and at Exhibits A-1 & A-2 thereto.) Finally, Romans suffered damages, which as of August 3, 2022, totals $1,647,500.00 on the May Promissory Note and $2,122,500.00 on the April Promissory Note for a total of $3,770,000.00, because of Orange Pelican's breaches of the Notes. (Exhibit A, Romans Aff. at ¶¶ 2–7 & Exhibits A-1 & A-2 thereto.) Accordingly, there can be no dispute that Romans has established a probability of success on the merits of his breach-of-contract claims.

C. **The Court Should Attach Certain of Orange Pelican's Assets.**

Orange Pelican has specific property that may be able to be used to satisfy Romans' claims against it, and the Court has authority to attach such property pursuant to 735 ILCS 5/4-101, *et seq*. and Federal Rule of Civil Procedure 64.

1. **Orange Pelican Bank Account**. At the request of Orange Pelican's sole member, Arvind Ahuja, Romans wired the total sum of $3,5000,000 to Account No. 002325561, a bank account maintained by Orange Pelican with CIBC Bank, USA. *See* Exhibit A, Romans Aff. ¶ 11 and Exhibit A-6 thereto. Specifically, Romans was provided with CIBC's domestic wire instructions identifying CIBC Bank USA's address at 120 South LaSalle Street, Chicago, Illinois address and an associated bank transfer routing number. *Id*. Attachment of the Orange Pelican's CIBC Account is permitted by 735 ILCS 5/4-101. *See M.S. Distributing Co. v. Web Records, Inc.*, No. 00 C 1436, 2003 WL 21267094, at 2-3 (N.D. Ill. May 30, 2003) (holding Illinois attachment statute empowered court to attach defendant's out-of-state bank account); *People ex re. Director of Dept. of Corrections v. Melton*, 2014 IL App (4th) 130700 ¶ 9 (affirming prejudgment attachment of trust account).

2. **Certificated Securities in Z5 Inventory, Inc.**

On information and belief, Orange Pelican is the holder of certificated securities representing less than five percent (5%) ownership of Z5 Inventory, Inc, a Delaware corporation. On information and belief, those certificated shares are in the possession of eShares, Inc., doing business as Carta, Inc., an equity management platform which holds the certificated shares issued by Z5 Inventory, Inc. Exhibit A, Romans Aff. ¶ 12. The Illinois attachment statute empowers this Court to issue a pre-judgment attachment Orange Pelican's shares reflecting an ownership interest in Z5 Inventory, Inc. *See Wells Fargo Bank Minnesota, N.A. v. Envirobusiness, Inc.*, 2014 IL App (1st) 133575, ¶ 35) (affirming levy and turnover of foreign stock); *Hicks v. Midwest Transit, Inc.*, 531 F.3d 467, 469 (7th Cir. 2008) (holding attachment of online stock-brokerage account, and brokerage's compliance with order, was proper); *see also Philips Med. Sys. Intern. B.V. v. Bruetman*, 8 F.3d 600, 603–05 (7th Cir. 2003) (affirming order requiring defendant to bring, from

Argentina, bills of exchange to satisfy a judgment entered by the district court, noting that "federal court is empowered to issue all orders necessary and proper to protect the enforceability of a judgment before it becomes final, provided only that the forum state equips its own courts with such remedies," and observing that 735 ILCS 5/4-101 is such a remedy); *Pease v. Chi. Crayon Co.*, 235 Ill. 391, 394 (1908) ("Shares of the capital stock of a corporation are personal property subject to levy under a writ of attachment.").

D.  **Romans Has Satisfied All Requirements Entitling Him to Prejudgment Attachment.**

Romans also has complied with the affidavit requirements of the statute by attaching an affidavit in substantially the same form as the form of affidavit in 735 ILCS 5/4-105 as Exhibit A to this motion. Additionally, pursuant to 735 ILCS 5/4-107 through 5/4-109 and this Court's Local Rule 65.1, Romans and his wife, both residents of this judicial district, are both prepared to submit guaranties and affidavits of justification attesting to their cumulative ownership of non-exempt real and personal property within this district in an amount of more than two times the current amount of damages claimed in this matter, which is sufficient security to satisfy all costs which may be awarded to Orange Pelican and all damages and costs which shall be recovered against Romans if the Order of attachment is wrongfully obtained. *See* Exhibit A, Romans Aff. ¶ 13.

## CONCLUSION

WHEREFORE, Plaintiff, Frank Romans, prays that this Court allow Romans and his wife, Judith Romans, to submit a guaranty and affidavits of justification attesting to their cumulative ownership of non-exempt real and personal property within this district in an amount of more than two times the current amount of damages claimed in this matter, and for which prejudgment attachment of Orange Pelican's assets are sought, in accordance with 735 ILCS 5/4-108 and this Court's Local Rule 65.1(b)(3), and for this Court to enter an Order, in the form

{00165670.1}

of the draft order that will be submitted to this Court, attaching Orange Pelican's CIBC bank account and Orange Pelican's stock in Z5 Inventory, Inc., and for any additional relief deemed just and appropriate.

Dated: <u>August 9, 2022</u>                                                     Respectfully submitted,

                                                                                FRANK ROMANS

                                                                                <u>/s/     Jeffery M. Heftman      </u>
                                                                                One of his Attorneys

Jeffery M. Heftman (j.heftman@gozdel.com)
Steven H. Leech (s.leech@gozdel.com)
Ryan F. Manion (r.manion@gozdel.com)
**GOZDECKI, DEL GIUDICE, AMERICUS,**
   **FARKAS & BROCATO LLP**
One East Wacker Drive, Suite 1700
Chicago, IL 60601
Ph: (312) 782-5010
Attorneys for Plaintiff

{00165670.1}