IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FRANK ROMANS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:22-cv-4169 |
| v. | ) | |
| | ) | Judge Marvin E. Aspen |
| ORANGE PELICAN, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S RULE 12(C) MOTION FOR JUDGMENT ON THE PLEADINGS AND RULE 12(F) MOTION TO STRIKE AFFIRMATIVE DEFENSES**

NOW COMES the Plaintiff, Frank Romans ("Romans"), by and through his attorneys, Gozdecki, Del Giudice, Americus, Farkas & Brocato LLP, and for his Motion for Judgment on the Pleadings under Federal Rule of Civil Procedure 12(c) and Motion to Strike under Federal Rule of Civil Procedure 12(f) hereby states:

**INTRODUCTION**

Defendant, Orange Pelican, LLC ("Orange Pelican") admits in its Answer and Affirmative Defenses (Dkt. No. 33) that it is a signatory to the promissory notes attached to the Verified Complaint, that Romans funded those promissory notes, and that it has failed to pay Romans under the terms of those notes. (*See* Dkt. No. 33, ¶¶ 10–15, 20–25; Dkt. No. 1, ¶¶ 10–15, 20–25; *see also* Dkt. No. 31, Exs. 1 & 2 thereto; Dkt. No. 32.) Accordingly, there is no genuine issue of material fact that, *inter alia*:

1. Romans and Orange Pelican entered into valid contracts, namely the promissory notes;

2. Romans performed his obligation to fund the promissory notes;

3. Orange Pelican breached its obligations under the promissory notes; and

4. Romans has suffered damages flowing from Orange Pelican's breaches.

*See Matthews v. Wis. Energy Corp.*, 534 F.3d 547, 553 (7th Cir. 2008) (citing *Nw. Motor Car, Inc. v. Pope*, 51 Wis. 2d 292, 296, 187 N.W.2d 200 (1971)) (detailing elements of breach of contract under Wisconsin law).

Rather than deny material allegations that would impede entry of judgment at this early juncture, Orange Pelican offers three affirmative defenses. As those affirmative defenses are deficient as a matter of law, they should be stricken. This Court has already determined that Orange Pelican's objection to personal jurisdiction is meritless, rendering its first affirmative defense legally deficient. Similarly, Orange Pelican's assertion that its performance of the promissory notes is excused by the doctrine of frustration is unavailing, because alleged inability to procure medical grade imports cited by Orange Pelican is not the subject of, or even referenced in, the promissory notes, which are unambiguous on their face. Accordingly, Orange Pelican's claimed inability to resell the medical grade imports is not so severe as to not be within the risks Orange Pelican took in contracting with Romans. Finally, the Court should strike Orange Pelican's affirmative defense of commercial impracticability because that defense comes from, and is relevant to, cases for the sale of goods under the Uniform Commercial Code—*not* cases dealing with the breach of a promissory note.

Therefore, Romans respectfully requests that this Court grant judgment on the pleadings in his favor and against Orange Pelican. Romans also respectfully requests that this Court enter a judgment striking Orange Pelican's affirmative defenses.

## BACKGROUND FACTS

In April 2021, Romans loaned Orange Pelican $2,000,000.00. (Dkt. No. 1, ¶¶ 10–13; Dkt. No. 33, ¶¶ 10–13.) Romans and Orange Pelican signed a promissory note with a maturity date of April 7, 2022 (the "April Promissory Note"). (Dkt. No. 1, ¶¶ 10–13; Dkt. No. 33, ¶¶ 10–13; *see*

*also* Dkt. No. 31, Exs. 1 & 2 thereto; Dkt. No. 32.) The April Promissory Note provides that interest accrues at 15% per annum, required Orange Pelican to make quarterly interest payments of $75,000 during the one (1) year term of the loan, and to repay the outstanding principal upon maturity. (Dkt. No. 1, ¶¶ 10–13; Dkt. No. 33, ¶¶ 10–13; *see also* Dkt. No. 31, Exs. 1 & 2 thereto; Dkt. No. 32.) Romans performed under the April Promissory Note by lending $2,000,000.00 to Orange Pelican. (Dkt. No. 1, ¶ 13; Dkt. No. 33, ¶ 13.)

In May 2021, Romans loaned Orange Pelican an additional $1,500,000.00, and Romans and Orange Pelican signed another promissory note for that amount with a maturity date of May 25, 2022 (the "May Promissory Note," and together with the April Promissory Note, the "Notes"). (Dkt. No. 1, ¶¶ 20–23; Dkt. No. 33, ¶¶ 20–23; *see also* Dkt. No. 31, Exs. 1 & 2 thereto; Dkt. No. 32.) The May Promissory Note states that interest accrues at 20% per annum, required Orange Pelican to make quarterly interest payments of $75,000 during the one (1) year term of the loan, and to repay the outstanding principal upon maturity. (Dkt. No. 1, ¶¶ 20–23; Dkt. No. 33, ¶¶ 20–23; *see also* Dkt. No. 31, Exs. 1 & 2 thereto; Dkt. No. 32.) Romans performed under the May Promissory Note by lending $1,500,000.00 to Orange Pelican. (Dkt. No. 1, ¶ 23; Dkt. No. 33, ¶ 23.)

Both Notes have matured, and despite written demand for payment in full, Orange Pelican admits that it has made no payments under the Notes. (Dkt. No. 1, ¶¶ 14–15, 24–25; Dkt. No. 33, ¶¶ 14–15, 24–25; *see also* Dkt. No. 31, Exs. 1 & 2 thereto; Dkt. No. 32.) Accordingly, Orange Pelican has breached the Notes by failing to pay Romans the $3,500,000.00 that he is owed in principle under the Notes and accrued interest.

3

**LEGAL STANDARD**

In a motion for judgment on the pleadings, the Court considers the pleadings alone, which consist of the complaint, the answer, and any written instruments attached as exhibits. FED. R. CIV. P. 12(c); *N. Indiana Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998). If a plaintiff moves for judgment on the pleadings, "the motion should not be granted unless it appears beyond doubt that the non-moving party cannot prove facts sufficient to support his position." *Hous. Auth. Risk Retention Grp., Inc. v. Chicago Hous. Auth.*, 378 F.3d 596, 600 (7th Cir. 2004) (internal quotation marks omitted).

Federal Rule of Civil Procedure 12(f) governs motions to strike affirmative defenses. Under that Rule, this Court may strike "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). Affirmative defenses will be stricken "when they are insufficient on the face of the pleadings." *Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1400 (7th Cir. 1991). In a diversity case, such as this, the legal and factual sufficiency of an affirmative defense is examined by reference to state law. *Id*. Motions to strike should be granted when "it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense.'" *Id*. Further, "[i]t is appropriate for the court to strike affirmative defenses that add unnecessary clutter to a case." *Davis v. Elite Mortg. Servs.*, 592 F. Supp. 2d 1052, 1058 (N.D. Ill. 2009) (citing *Heller Fin. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989)).

Courts therefore use a three-part test that is applied to affirmative defenses subject to a motion to strike:

> (1) [T]he matter must be properly pleaded as an affirmative defense; (2) the matter must be adequately pleaded under the requirements of Federal Rules of Civil Procedure 8 and 9; and (3) the matter must withstand a Rule 12(b)(6) challenge—in other words, if it is impossible for defendants to

> prove a set of facts in support of the affirmative defense that would defeat the complaint, the matter must be stricken as legally insufficient.

*Davis*, 592 F. Supp. 2d at 1058 (citing *Heller*, 883 F.2d at 1294). As to the first part of the test, "the basic concept of an affirmative defense is an *admission* of the facts alleged in the complaint, coupled with the assertion of some other reason defendant is not liable." *ADM Investor Servs., Inc. v. Collins*, No. 05 C 1823, 2006 WL 224095, *2 (N.D. Ill. Jan. 26, 2006) (quoting *Instituto Nacional de Comercializacion Agricola v. Cont'l Ill. Nat'l Bank & Trust Co.*, 576 F. Supp. 985, 988 (N.D. Ill. 1989)) (emphasis in original).

## ARGUMENT

### A. This Court Should Enter Judgment on The Pleadings for Romans

The facts of this case demonstrate Romans is entitled to judgment on the pleadings. To prove a claim for breach of contract, Romans must prove "a valid contract that the defendant breached and damages flowing from that breach." *Matthews v. Wis. Energy Corp.*, 534 F.3d 547, 553 (7th Cir. 2008) (citing *Nw. Motor Car, Inc. v. Pope*, 51 Wis. 2d 292, 296, 187 N.W.2d 200 (1971)). Here, the Notes constitute valid contracts because there is a documented offer, acceptance, and consideration. *See Piaskoski & Assocs. v. Ricciardi*, 2004 WI App 152, ¶ 7, 275 Wis. 2d 650, 686 N.W.2d 675. (Dkt. No. 1, ¶¶ 10–16, 20–26; Dkt. No. 33, ¶¶ 10–16, 20–26; *see also* Dkt. No. 31, Exs. 1 & 2 thereto; Dkt. No. 32.) An offer and acceptance exist when there is mutual assent among the parties, and consideration exists if it is evident that the parties intend to be bound. *See Gustafson v. Physicians Ins. Co. of Wis., Inc.*, 223 Wis. 2d 164, 173, 558 N.W.2d 363 (Ct. App. 1998).

The Notes here are signed and demonstrate that Romans offered to loan Orange Pelican a total of $3,500,000 in exchange for Orange Pelican repaying the Notes by the maturity date with interest. (Dkt. No. 1, ¶¶ 10–16, 20–26; Dkt. No. 33, ¶¶ 10–16, 20–26; *see also* Dkt. No. 31, Exs. 1

& 2 thereto; Dkt. No. 32.) Indeed, Orange Pelican admits that Romans performed his obligations under the Notes by loaning Orange Pelican a combined $3,500,000.00 under the Notes. (Dkt. No. 1, ¶¶ 13, 23; Dkt. No. 33, ¶¶ 13, 23; *see also* Dkt. No. 31, Exs. 1 & 2 thereto; Dkt. No. 32.) Orange Pelican seeks to generally deny the allegation that Romans fully performed under the Note but having specifically admitted that Romans performed on his obligation to loan the cumulative sum of $3,500,000, a review of both Notes reveal that Romans had no other performance obligations beyond funding those Note. (*Id*.) Further, Orange Pelican and Romans both intended to be bound, as evidenced by their signatures on the Notes. (Dkt. No. 1, ¶¶ 10–16, 20–26; Dkt. No. 33, ¶¶ 10–16, 20–26; *see also* Dkt. No. 31, Exs. 1 & 2 thereto; Dkt. No. 32.)

Next, Orange Pelican unquestionably breached the Notes, as Orange Pelican admits it has failed to repay the principal amount of $3,500,000 by the maturity dates in the Notes. (Dkt. No. 1, ¶¶ 14, 24; Dkt. No. 33, ¶¶ 14, 24; *see also* Dkt. No. 31, Exs. 1 & 2 thereto; Dkt. No. 32.) Moreover, Orange Pelican admits that Romans made a demand for payment under the Notes. (Dkt. No. 1, ¶¶ 15, 25; Dkt. No. 33, ¶¶ 15, 25; *see also* Dkt. No. 31, Exs. 1 & 2 thereto; Dkt. No. 32.)

Finally, Romans suffered damages because the principal and interest that are due under the Notes remains unpaid. *See, e.g., Dieffenbach v. Barnes & Noble, Inc.*, 887 F.3d 826, 830 (7th Cir. 2018) ("Money out of pocket is a standard understanding of actual damages in contract law … ."). Indeed, Romans has been damaged in the amount of $3,500,000.00, plus interest, because Orange Pelican has refused to pay Romans what it owes under the Notes. (Dkt. No. 1, ¶¶ 10–18, 20–28; Dkt. No. 33, ¶¶ 10–18, 20–28; *see also* Dkt. No. 31, Exs. 1 & 2 thereto; Dkt. No. 32.)

Accordingly, Romans has demonstrated and Orange Pelican has admitted that the Notes constitute valid contracts under Wisconsin law, Orange Pelican breached the Notes by failing to repay the loans, and Romans has suffered damages as a result of Orange Pelican's breaches.

Romans therefore respectfully requests that this Court grant his motion under Federal Rule of Civil Procedure 12(c) and enter judgment in his favor.

      B.      <u>This Court Should Strike Orange Pelican's Affirmative Defenses</u>

Orange Pelican's three affirmative defenses, alleging: (i) a lack of personal jurisdiction, (ii) frustration of purpose, and (iii) commercial impracticability should be stricken because they are legally insufficient and pose no barrier to this Court's entry of judgment on the pleadings for Romans.

      i.      The Court Has Determined Personal Jurisdiction is Proper.

For its first affirmative defense, Orange Pelican's alleges this Court lacks specific personal jurisdiction over it. (Dkt. No. 33, at p. 5.) However, this Court has already determined that specific personal jurisdiction over Orange Pelican is proper, and so Orange Pelican's first affirmative defense is legally deficient. *See Sloan Valve Co. v. Zurn Indus., Inc.*, 712 F. Supp. 2d 743, 749 (St. Eve, J.) (noting affirmative defense "must be stricken as legally insufficient" if "it is impossible for defendant[] to prove a set of facts in support of the affirmative defense that would defeat the complaint"). (Dkt. No. 22, at pp. 4–13 (denying Orange Pelican's Motion to Dismiss).)

      ii.      Orange Pelican's Frustration of Purpose Defense Should be Stricken.

Orange Pelican's second affirmative defense—that its performance is excused by frustration of purpose because "unforeseeable manufacturing problems" prevented Orange Pelican from investing in "medical grade imports" (Dkt. No. 33, at p. 5)—is unavailing because Orange Pelican cannot demonstrate the principal purpose in making the Notes was frustrated and cannot show that the non-occurrence of the supposed frustrating event was a basic assumption underlying the Notes. *See Convenience Store Leasing & Mgmt. v. Annapurna Marketing*, 388 Wis. 2d 353, 363–64 (Wis. Ct. App. 2019). The frustrated purpose must be "a principal purpose" of making the

contract. *Id.* "It is not enough that [the party] had in mind some specific object without which he would not have made the contract. The object must be so completely the basis of the contract that, *as both parties understand*, without it the transaction would make little sense." *Id.* (emphasis added) The frustrating event, rather, "must strike at the foundation of the contract—a basic assumption on which the contract was made such that the party's performance, due to this unexpected circumstance, would be 'virtually worthless' and 'meaningless.'" *Id.* (quoting 17A AM. JUR. 2D *Contracts* § 641). Also, frustration does not excuse performance under a contract "where the risk of the event that has supervened to cause the alleged frustration was reasonably foreseeable and could and should have been anticipated by the parties and provision made for it in the agreement." *Id.* (quoting 17A AM. JUR. 2D *Contracts* § 638).

Here, the principal purpose of the Notes is evident from their plain and unambiguous terms; namely for Orange Pelican to borrow money and for Romans to receive a return on those borrowed funds. (*See* Dkt. No. 31, Exs. 1 & 2 thereto; Dkt. No. 32.) Indeed, there is no mention of any "medical grade imports" in either Note, or provisions conditioning repayment on any fact other than the Note's maturity. Contract interpretation is a question of law. *Deminsky v. Arlington Plastics Machinery,* 2003 WI 15, ¶ 15, 259 Wis.2d 587, 600, 657 N.W.2d 411, 418. The cardinal purpose of interpreting a contract is to ascertain the intent of the parties. *Huml v. Vlazny*, 2006 WI 87, ¶ 52, 293 Wis.2d 169, 196, 716 N.W.2d 807, 820 (citation omitted). When the contract is unambiguous, "determin[ing] the parties' intent ends with the four corners of the contract, without consideration of extrinsic evidence." *Id.* (internal citations omitted).

Thus, Orange Pelican cannot plausibly assert that any claimed impediments in obtaining the "medical grade imports" was a fundamental assumption of both parties underlying the Notes justifying excusal of Orange Pelican's performance. *See Convenience Store Leasing & Mgmt.,* 388

8

*Wis. 2d* at 367–69 (noting contract, "by its own terms," provided principal purpose and evaluating parties' rights under terms of contract); *see also Bank of Boston Int'l of Miami*, 644 F. Supp. 1423, 1427 (E.D.N.Y. 1986) (applying New York law) (rejecting frustration of purpose defense to action on promissory notes and stating: "defendant's purpose in entering into this transaction with plaintiff was to borrow money … [and] that purpose was fulfilled when defendants received the loan proceeds from plaintiff and is unaffected by subsequent events.").

Additionally, Orange Pelican's supposed inability to invest in "medical grade imports" was not a frustrating event so central to the Notes that Orange Pelican's inability to obtain the "medical grade imports" justifies Orange Pelican absconding with $3,500,000 of Romans' money. Indeed, assuming such intent could be derived from the Notes, which is not the case, during the height of a global pandemic, Orange Pelican's inability to obtain medical products, at a minimum, should have been foreseeable. *See id*. at 369 (citing *Chicago, Milwaukee, St. Paul & Pac. R.R. co. v. Chicago & N.W. Transp. Co.*, 82 Wis. 2d 514, 526 (Wis. 1978) (foreseeability not dispositive, but is a factor)). Orange Pelican also alleges no facts that show it could not have used the funds loaned to it for another purpose. (Dkt. No. 33, p. 5.) This situation, therefore, is not similar to others where Wisconsin courts have determined that the defense of frustration excused performance by a party. *See Ryan v. Sheppard*, 2010 WI App 105, ¶¶ 11–14 (personal services contract for flight lessons but flight student died so flight instructor could not enforce contract against estate); *Wm. Beaudoin & Sons, Inc. v. Milwaukee Cty.*, 63 Wis. 2d 441, 445–49 (Wis. 1974) (county contracted with plaintiff to perform road work, but another contractor completed the work by time plaintiff was to perform, so plaintiff excused from performing and county not required to pay); *Krell v. Henry*, 2 K.B. 740 (C.A. 1903) (coronation parade canceled because king fell ill, so apartment lease made specifically to view parade frustrated) (cited approvingly in *Chicago, Milwaukee*, 82 Wis. 2d at

9

522–23). Rather, this situation is more akin to a situation where a contracting party could have performed under the contract, just on less favorable terms than it thought. *See Chicago, Milwaukee*, 82 Wis. 2d at 526–29 (continued reduction in passenger service and continued losses for railroad company were foreseeable, so Amtrak taking over passenger service did not excuse company's performance of track-sharing agreement with another railway); *Convenience Store Leasing*, 388 Wis. 2d at 366–69 (third party demand to update façade of gas station may have increased cost but did not frustrate purpose); *see also Convenience Store Leasing*, 388 Wis. 2d at 364 (quoting Restatement example that if company can operate only on less favorable terms than thought, contract not frustrated). So too here, as Orange Pelican, upon supposedly discovering it could not invest in "medical grade imports" it asserts were central to the Notes, had the option to repay the Notes early or simply at a financial loss. (Dkt. No. 31, Exs. 1 & 2 thereto, Dkt. No. 32.) Accordingly, frustration of purpose does not excuse Orange Pelican's nonperformance of the Notes, and the Court should strike this affirmative defense.

        iii.    The Defense of Commercial Impracticability is Unavailable and Unavailing.

Orange Pelican's final affirmative defense—commercial impracticability (Dkt. No. 33, at p. 6)—should be stricken because that defense is applicable only under the UCC, but the Notes are not contracts for the sale of "goods." *See Marquette Univ. v. Kuali, Inc.*, 584 F. Supp. 3d 720, 723–24 (E.D. Wis. 2022); *Oregon Potato Co. v. Kerry Inc.*, 575 F. Supp. 3d 1064, 1079–80 (W.D. Wis. 2021) (noting defense of impracticability "comes from" Wisconsin's Uniform Commercial Code).

To the extent Orange Pelican's defense can be construed to invoke the common law doctrine of impossibility, it is equally unavailing as a matter of law. The Promissory Notes do not condition Orange Pelican's repayment obligations upon the occurrence of any external event, such as the delivery of medical supplies. Second, the common law defense of impossibility is

10

inapplicable to a claim for money damages. *See In re Zellmer's Estate*, 1 Wis. 3d 46, 51 (1957) ("A promissory should not be excused from responding in damages for breach of contract on the ground of impossibility of performance due to mistake in a situation, where due to his own negligence, he had failed to discover at the time of entering into a contract the nonexistence of the fact or thing which made performance by him impossible."). Here, repayment of the loans is not impossible by reason of claimed supply chain difficulties. That Orange Pelican may not have realized a profit on its underlying desire to utilized borrowed funds to purchase and import medical supplies for domestic resale in the midst of a the COVID-19 pandemic does not render his obligation to repay those borrowed funds impossible. Just as Orange Pelican reserved all benefits to be realized from its medical equipment investment opportunity, so too were all risks associated with that opportunity allocated to it, separate and apart from the terms of the Notes. Any claimed acquisition and importation difficulties associated with Orange Pelican's investment in medical grade imports in the height of the COVID-19 pandemic were plainly foreseeable, were risks assumed solely by Orange Pelican and cannot, as a matter of law, relieve Orange Pelican from its loan repayment obligation. Moreover, it is well established that "the 'impossibility' doctrine never justifies failure to make a payment, because financial distress differs from impossibility." *See Hoosier Energy Rural Elec. Co-op., Inc. v. John Hancock Life Ins. Co*., 582 F.3d 721, 728 (7th Cir. 2009). Orange Pelican merely asserts that externalities deprived it of its preferred means of repayment the Notes, *i.e*., from the proceeds of the sale of imported medical equipment, not that repayment of those Notes was impossible. Such allegations do not properly implicate or support the defense of impracticability.

Accordingly, the doctrine of commercial impracticability cannot help Orange Pelican here, and Affirmative Defense No. 3 should be stricken

11

**CONCLUSION**

This case is not complicated. Frank Romans and Orange Pelican, LLC agreed that Romans would loan Orange Pelican $3,500,000.00 under the terms of two promissory notes. Romans loaned Orange Pelican the funds, as required under the terms of the promissory notes, and the promissory notes subsequently matured. Orange Pelican admits that it entered into those promissory notes and admits that it has failed to make any payments under the promissory notes. Accordingly, Orange Pelican has breached the contracts and Romans has suffered damages. This Court, therefore, should grant this motion and enter judgment on the pleadings under Federal Rule of Civil Procedure 12(c) for Romans.

Orange Pelican's affirmative defenses do not prevent entry of judgment in this case. Orange Pelican asserts that this Court lacks specific personal jurisdiction over it, but this Court has already considered and rejected that argument. Next, Orange Pelican cannot maintain its frustration-of-purpose affirmative defense because investing in "medical grade imports" was not the principal purpose of the promissory notes and because Orange Pelican still had the ability to perform under the promissory notes—just on less favorable terms than it originally thought. Third, Orange Pelican's commercial-impracticability defense is inapplicable to the promissory notes in this matter because that defense applies to cases under the Uniform Commercial Code for the sale of "goods," not loan agreements like the promissory notes at issue here. That Orange Pelican encountered difficulties in realizing a profit from its intended use of the proceeds of the Note does not render its repayment obligation impracticable or impossible.

WHEREFORE, Frank Romans respectfully requests that this Court:

1. Grant his Rule 12(c) Motion for Judgment on the Pleadings and Rule 12(f) Motion to Strike Affirmative Defenses;

  2. Enter an Order striking Orange Pelican, LLC's affirmative defenses in its Answer and Affirmative Defenses (Dkt. No. 33);

  3. Enter a Judgment in favor of Frank Romans and against Orange Pelican, LLC for $3,770,000.00, plus any additional interest that has accrued subsequent to the filing of the Complaint; and

  4. Award Romans such other and further relief as the Court determines necessary and appropriate.

Dated: December 19, 2022      Respectfully submitted,

                  FRANK ROMANS

                  /s:/  Jeffery M. Heftman
                    One of his Attorneys

Jeffery M. Heftman (j.heftman@gozdel.com)
Steven H. Leech (s.leech@gozdel.com)
Ryan F. Manion (r.manion@gozdel.com)
**GOZDECKI, DEL GIUDICE, AMERICUS,**
 **FARKAS & BROCATO LLP**
One East Wacker Drive, Suite 1700
Chicago, IL 60601
Phone: (312) 782-5010
Attorneys for Plaintiff
**Attorney No.: 31746**